871 So.2d 596 (2004)
STATE of Louisiana
v.
Melvin SINGLETON.
No. 03-KA-1307.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 2004.
*597 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Gretna, LA, for Plaintiff/Appellee.
James A. Williams, Butch Wilson, Gretna, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and THOMAS F. DALEY.
SOL GOTHARD, Judge.
The defendant, Melvin Singleton, was found guilty of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2, and was sentenced to twelve years at hard labor. Thereafter, pursuant to a multiple bill filed by the State, the defendant executed a waiver of rights form stipulating that he was a fourth felony offender. The commitment indicates defendant's original sentence was vacated and defendant was sentenced as a multiple offender to twenty years of imprisonment at hard labor without benefit of probation or suspension of sentence.[1] For the reasons that follow, we affirm the defendant's conviction and sentence.
The following facts were adduced at trial.
Officer Leagans of the Gretna Police Department testified that, at approximately 2:43 a.m. on December 5, 1999, he was dispatched to 1028 Romain Street regarding a burglary in progress. Upon arrival, Officer Leagans observed a person, later identified as defendant, exiting the back door of the house. Officer Leagans stopped the defendant, informed him that he was investigating a burglary in progress, and advised defendant of his rights. Officer Leagans left defendant in the custody of another officer and went to look around the house. Officer Leagans found that the back door was open and pry marks were on the frame. The kitchen window had been broken, and there was a bottle opener on the floor. After proceeding through the house, the rooms appeared to Officer Leagans to be in order, with the exception of a bedroom. There, Officer Leagans discovered a blue jean jacket lying on the bed with other items on top of the jacket.
*598 Officer Leagans went outside and asked defendant whether he would answer questions, and defendant responded affirmatively. In response to Officer Leagans' questions, defendant said that he was a friend of the resident, Mr. Bonaparte, who was in jail on a DWI charge. He also claimed that he had been next door drinking on the front porch and decided to walk between the two houses on his way to a lounge. Other than this statement, defendant offered no explanation as to his presence in the house. Officer Leagans spoke to the neighbor, who denied that defendant had been at her house, and further said that defendant was the person who had broken into the house.
The resident of 1028 Romain Street, Gerald Bonaparte, testified that he knew defendant, but that defendant did not have permission to be inside of his home. Mr. Bonaparte acknowledged that he was in jail after being arrested for DWI on the night in question. However, Mr. Bonaparte testified that his house was locked and the kitchen window was not broken when he left it. Mr. Bonaparte also testified that his jacket was hanging in the closet, not lying on the bed. Further, Mr. Bonaparte said that his knife and the cellular telephones that were on the jacket had been inside of a drawer in his bedroom when he departed his home.
In this appeal, counsel requests only that this record be reviewed for errors patent. In his brief, after summarizing the facts and procedural history of the case, counsel notes that he has been retained by defendant and makes the following assertions:
Undersigned counsel has been retained by appellant to pursue both direct appeal and post-conviction remedies. A thorough review of the record in this matter has convinced counsel that appellant's only potentially non-frivolous issues involve questions of trial counsel's effectiveness or lack thereof pursuant to the well-known standard of Strickland v. Washington, 446 [466] U.S. 668[, 104 S.Ct. 2052, 80 L.Ed.2d 674] (1984)[sic]. However, interviews with appellant along with counsel's review of the record lead counsel to the opinion that the trial record is inadequate to properly review an ineffectiveness claim, and that post-conviction relief is the appropriate [sic] with the testimony of appellant and his trial counsel. State v. Hicks, 554 So.2d 1298 (La.App. 1 Cir.1989); [sic] La.C.Cr.P. art. 930.
In order to protect an indigent defendant's constitutional right to appellate counsel, courts must safeguard against the risk of granting an appellate counsel's request to withdraw in a case where the appeal is not actually frivolous. Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Anders, supra, 386 U.S. at 744, 87 S.Ct. at 1400. A brief which states that there are no non frivolous issues, without discussion, and which only requests a review for errors patent is ordinarily disallowed. See Anders, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, has a significant, adverse impact on shaping the evidence presented to the jury for its consideration. Jyles, supra, at 241.
In this case, retained counsel has asserted a potential non-frivolous issue, namely ineffective assistance of trial counsel. *599 However, he further asserts that the record is insufficient to review that claim on appeal, and that post-conviction relief is the proper procedural vehicle for reviewing such a claim. Counsel does not seek to withdraw from this case, rather he asserts that he has been retained to pursue both appellate and post-conviction relief.
LSA-C.Cr.P. Art. 924.1 provides that "An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending." The Official Comments of the article provide that "Post conviction relief is not designed to take the place of an appeal. The petitioner must first exhaust whatever appellate rights he has."
As evidenced by defendant's brief, retained counsel is attempting to exhaust defendant's appeal rights in order to pursue the arguments relating to ineffective assistance of counsel in an application for post-conviction relief. We find counsel's brief to be in compliance with Anders v. California and State v. Jyles.
We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
We note that defendant received an illegally lenient sentence because the trial judge failed to deny parole eligibility for one year. The restrictions on parole eligibility imposed on multiple offender sentences under LSA-R.S. 15:529.1 "`are those called for in the reference statute.'" State v. Tate, 99-1483, pp. 1-2 (La.11/24/99), 747 So.2d 519, 520, quoting State v. Bruins, 407 So.2d at 685, 687 (La.1981).
The reference statute in this case, LSA-R.S. 14:62.2, provides that simple burglary of an inhabited dwelling is punishable by imprisonment at hard labor "for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years." The parole ineligibility provision attaches only to the statute's minimum one-year term. See, State v. Conley, 411 So.2d 448, 449 (La.1982); State v. Hardan, 519 So.2d 224 (La.App. 5 Cir.1988). This omission requires no action because "La. R.S. 15:301.1(C), imposes the restrictions by operation of law." State v. Johnson, 03-903, p. 7 (La.App. 5 Cir. 12/9/03), 864 So.2d 645,
For the above discussed reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The record does not contain a transcript of defendant's enhanced sentencing.