892 So.2d 66 (2004)
STATE of Louisiana
v.
Alvin LEONARD, Jr.
No. 04-KA-708.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 2004.
*67 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Douglas Freese, Assistant District Attorneys, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, LA, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
*68 JAMES L. CANNELLA, Judge.
The Defendant, Alvin Leonard, Jr., appeals from his conviction of three counts of armed robbery. We affirm the convictions and sentences and remand.
On September 25, 2003 the Defendant was charged with three counts of armed robbery, a violation of La. R.S. 14:64. He was arraigned on September 26, 2003 and entered pleas of not guilty. He then filed motions to suppress his identification and statements. Following a hearing on November 19, 2003, the motions were denied.
On January 24, 2004, the Defendant withdrew his not guilty pleas and pled guilty to three counts of armed robbery. In accordance with a plea agreement, the trial court sentenced the Defendant to thirty years imprisonment at hard labor on each count, without benefit of parole, probation, or suspension of sentence, to be served concurrently with each other. As part of the plea bargain, the State agreed not to file a habitual offender bill of information.
On March 15, 2004, the Defendant, in proper person, filed a Motion for Out of Time Appeal which was granted on March 16, 2004.[1]
At the time of his guilty plea, the Defendant admitted to robbing a Texaco station, a Domino's Pizza restaurant, and a Pizza Hut restaurant, while in possession of a toy gun. The State informed the trial court that it was alleging that the Defendant used the gun "in a fashion that would cause the victims to believe that their lives were in peril, which qualifies as a dangerous weapon under the case law of our state for purposes of the armed robbery statute." The State further explained that the victims would testify that they believed the Defendant had a real gun, and that they were placed in fear for their lives.[2]
In this appeal, the only error assigned is patent error. The Defendant's appellate counsel also filed an Anders brief and a motion to withdraw.
Appellate counsel's brief was filed in conformity with the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that she has reviewed the record, and that it contains no non-frivolous issues that may be raised on appeal. The Anders requirements were adopted by this Court in State v. Bradford, 95-929, p. 3 (La.App. 5th Cir.6/25/96), 676 So.2d 1108, 1110[3], and *69 expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam). In Anders, the United States Supreme Court stated that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Anders, 386 U.S. at 744, 87 S.Ct. at 1400.
To comply with Jyles, appellate counsel must not only review the procedural history of the case and the evidence presented at trial, but his brief must contain "`a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" Jyles, 96-2669 at p. 3, 704 So.2d at 242, quoting State v. Mouton, 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam). A brief which simply states that there are no non-frivolous issues, without some discussion, and which only requests a review for errors patent, is ordinarily disallowed. State v. Singleton, 03-1307, p. 4 (La.App. 5th Cir.3/30/04), 871 So.2d 596, 598. If, after independent review, the appellate court finds a legal point that is arguable on the merits, it may either deny appellate counsel's motion to withdraw and order him to file a brief arguing that point, or it may grant the motion to withdraw and appoint substitute counsel. State v. Anderson, 01-789, p. 5 (La.App. 5th Cir.1/15/02), 807 So.2d 956, 959, writ denied, 02-0569 (La.1/24/03), 836 So.2d 42.
When an Anders brief is filed, the appellate court reviews (1) the bill of information, to insure that the defendant was properly charged, (2) all minute entries, to insure that the defendant was present at all crucial stages, (3) all pleadings in the record, and (4) all transcripts, to determine whether any ruling provides an arguable basis for appeal. Id.
A defendant who pleads guilty normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Gaspard, 01-1042, p. 3 (La.App. 5th Cir.5/29/02), 820 So.2d 1095, 1096. Appellate counsel notes that, when he entered his guilty pleas, the Defendant did not reserve his right to appeal the trial judge's denial of his suppression motions under State v. Crosby, 338 So.2d 584 (La.1976). As counsel points out, if the Defendant feels his trial attorney was deficient in failing to advise him to enter a Crosby plea, he may raise an ineffective assistance *70 of counsel claim in an application for post-conviction relief.[4]
Appellate counsel further notes in her brief that the Defendant was properly informed of his right to a trial by judge or jury, his right to the presumption of innocence, his right to testify or not to testify and not have his silence held against him or considered as evidence of his guilt, his right to present witnesses and evidence, and his right to appeal a guilty verdict. Appellate counsel states that the trial judge advised the Defendant that he would receive a 30 year sentence for each of the armed robberies, that they would run concurrently, and that in exchange for the guilty plea, the State agreed not to file a habitual offender bill of information against him. The transcript of the plea and the plea form both show that the Defendant understood his rights and understood that he was waiving them by pleading guilty. Our review of the Boykin[5] colloquy shows that the Defendant was properly apprised of his rights and that his guilty pleas were made knowingly and voluntary. In addition, we note that the Defendant is precluded from a review of his sentences, as they were imposed in conformity with a plea bargain. La.C.Cr.P. art. 881.2(A)(2).
Based on the foregoing, we find that appellate counsel substantially complied with the procedural requirements of Anders and Jyles. The motion to withdraw will be granted.[6]

ERROR PATENT
The record was reviewed for patent errors, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Perrilloux, 99-1314 (La.App. 5th Cir.5/17/00), 762 So.2d 198. We find one patent error requiring action by this Court.
La.C.Cr.P. art. 930.8(A) provides that the prescriptive period for filing an application for post-conviction relief is "two years after the judgment of conviction and sentence has become final[.]" Subpart C of the article requires that the judge inform the defendant of the prescriptive period at the time of sentencing.[7] Although the commitment indicates that the Defendant was fully advised of the prescriptive period in Article 930.8, the transcript shows that the instructions of the trial judge were incomplete. He informed the Defendant that he had two years in which to file an application for post-conviction relief, but failed to instruct the Defendant that the two years commenced from finality of the convictions and sentences. Where there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Thus, according to our policy, we will order the trial judge to advise the Defendant of the two-year prescriptive period in conformity with C.Cr.P. art. 930.8, by sending written notice to the Defendant within ten days after the rendition of this opinion and to file written proof in the *71 record that the Defendant received such notice. See: State v. Esteen, 01-879, p. 28 (La.App. 5th Cir.5/15/02), 821 So.2d 60, 78.
Accordingly, the convictions and sentences are affirmed. The case is remanded with an order to the trial judge to advise the Defendant of the two-year prescriptive period and its time of commencement for filing a petition for post-conviction relief by sending written notice to the Defendant within ten days after the rendition of this opinion and to file written proof in the record that the Defendant received such notice.
CONVICTIONS AND SENTENCES AFFIRMED; CASE REMANDED.
NOTES
[1] It appears that the trial judge treated the Defendant's motion as an application for post-conviction relief requesting an out-of-time appeal.
[2] A toy gun has been held to be a dangerous weapon for purposes of an armed robbery conviction where the toy gun is used in a manner that creates circumstances likely to produce death or great bodily harm. State v. Green, 409 So.2d 563, 565 (La.1982). See also, State v. Washington, 00-1312, p. 6 (La.App. 5th Cir.5/16/01), 788 So.2d 596, 601, writ denied, 01-1718 (La.5/3/02), 815 So.2d 94.
[3] In State v. Benjamin 573 So.2d 528, 530 (La.App. 4th Cir.1990), the court established the procedures to be followed when appellate counsel seeks to withdraw under Anders. Those were adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5th Cir.6/25/96), 676 So.2d 1108, 1110-1111 as follows:

1. A court-appointed appellate attorney may file a motion to withdraw if the attorney, after a conscientious and thorough review of the trial court record, determines that the appeal is wholly frivolous. One copy of the motion, prepared for the signature of three judges, should be filed.
2. The appellant's brief should accompany the motion to withdraw. The brief shall comply with Rule 2-12, Uniform Rules, Courts of Appeal, and should include a thorough review of the procedural history of the case, a review of the facts of the case, a reference to anything in the record that might arguably support the appeal or a statement negating the presence of such, and a statement, either in the motion to withdraw or the appellant's brief, that counsel, after a conscientious and thorough review of the trial court record, can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal.
3. Counsel shall attach to the appellant's brief proof that a copy of the motion and the brief were forwarded to the appellant, with a notation whether the appellant has/has not received a copy of the trial court record and/or trial transcript. Counsel shall inform the appellant that he or she may file a supplemental brief in his or her own behalf.
4. After receiving the brief and motion, this Court shall notify the appellant that he or she should inform the court in writing within thirty days if he or she intends to file a brief.
5. If this Court finds, after an independent review of the record, that the appeal is wholly frivolous, it may grant the motion and affirm the conviction or trial court judgment. If this Court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the Court, or grant the motion and appoint substitute appellant counsel.
[4] See, State v. Singleton, 03-1307 at p. 4, 871 So.2d at 598-599.
[5] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[6] We note that, on July 19, 2004, this Court notified the Defendant, by certified mail, that his appellate counsel has found no non-frivolous issues to appeal, and that he would be given until August 19, 2004 to file a supplemental brief raising any issues that he felt merited consideration on appeal. The Defendant failed to file a supplemental brief.
[7] An amended version of subpart C, effective August 15, 2004, provides that the trial court shall inform the defendant of the prescriptive period "either verbally or in writing."