926 So.2d 662 (2006)
STATE of Louisiana
v.
Harold R. WINGERTER, Jr.
No. 05-KA-697.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 2006.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, for Plaintiff/Appellee.
Jane L. Beebe, Attorney at Law, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
*663 Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and CLARENCE E. McMANUS.
MARION F. EDWARDS, Judge.
The defendant, Harold R. Wingerter Jr., appeals from his convictions of possession of heroin and theft of a gun. We affirm.
On December 4, 2002, the Jefferson Parish District Attorney's Office charged Wingerter with knowingly and intentionally possessing a controlled dangerous substance, heroin, a violation of LSA-R.S. 40:966(C), and in count two with theft of a gun valued at between $300 and $500, a violation of LSA-R.S. 14:67. At his arraignment, Wingerter pled not guilty, but later, he withdrew his not guilty plea on both counts and entered a "best interest" or Alford plea to the charged offenses. In accordance with a plea agreement, Wingerter was sentenced to five years with credit for time served for possession of heroin and to two years with credit for time served for the theft. Both sentences were to run concurrently with each other and any other sentence being served. On the same date, the State filed a multiple offender bill charging Wingerter as a second felony offender. As part of a plea bargain regarding the multiple bill, Wingerter pled guilty as a second felony offender on both the possession of heroin and the theft. The trial court vacated Wingerter's previous sentences on both counts and sentenced him, on count one, to five years at hard labor without benefit of probation, suspension of sentence, or good time, with credit for time served, to run concurrently with any other sentence being served; and, on count two, to four years at hard labor without benefit of probation, suspension of sentence, or good time, with credit for time served, to run concurrently with his sentence on the multiple bill for possession of heroin and any other sentence being served. Wingerter was serving a sentence for parole violation.
Subsequently, Wingerter filed a pro se Motion and Order to Correct Illegal Sentence, which the trial court dismissed with prejudice for failure to use the uniform application for post-conviction relief approved by the Supreme Court of Louisiana. Wingerter filed an application for supervisory writs alleging that the trial court erred in dismissing his motion to correct an illegal sentence "due to a failure to submit the claim in an application relief." This Court denied the writ taken finding that the application disclosed no error in the trial court's ruling on the motion. Subsequently, Wingerter filed a filed a pro se application for supervisory writs asking this Court to order the district court to consider an "out-of-time" application for post conviction relief. This court granted the writ and ordered the district court to consider and rule on the defendant's motion for an out-of-time appeal. The present appeal followed.
In this appeal, the only error assigned is patent error. Wingerter's appellate counsel has filed an Anders brief and a motion to withdraw.
Appellate counsel's Anders brief was filed in conformity with the procedures approved by the United States Supreme Court in that case, asserting that appellate counsel has reviewed the record and that it contains no non-frivolous issues that may be raised on appeal.[1] In Anders, the United States Supreme Court stated that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and *664 request permission to withdraw."[2] The Anders requirements were adopted by this Court,[3] and later expanded by the Louisiana Supreme Court.[4] Under the applicable cases, appellate counsel must not only review the procedural history of the case and the evidence presented at trial, but his brief must contain "`a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'"[5]
If the Anders brief simply states that there are no non-frivolous issues, without some discussion, and only requests a review for errors patent, it is ordinarily disallowed. After independent review, if the appellate court finds an arguable legal point on the merits, it may either deny appellate counsel's motion to withdraw and order him to file a brief arguing that point, or it may grant the motion to withdraw and appoint substitute counsel.[6]
In compliance with the proper procedures, a letter was sent from the Clerk of this Court advising Wingerter that he should file a supplemental brief, complying with Rule 2-12 of the Uniform Rules of Louisiana Courts of Appeal, with this Court by November 5, 2005. As of the date of this opinion, he has not filed a supplemental brief.
When counsel files an Anders brief, an appellate court reviews (1) the bill of information, to insure that the defendant was properly charged, (2) all minute entries, to insure that the defendant was present at all crucial stages, (3) all pleadings in the record, and (4) all transcripts, to determine whether any ruling provides an arguable basis for appeal.[7] If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.[8]
In the instant case, Wingerter was charged with possession of heroin while he was a patient in the emergency room at East Jefferson Hospital. Prior to his plea, he orally moved for continuances in order that an expert be appointed at the State's expense, or that his family be allowed an opportunity to retain an expert to evaluate his state of mind at the time of the alleged offense. Wingerter claimed that his detoxification from heroin and hospital administered sedatives, as well as his placement in four-point restraints for his own safety, affected his state of mind and his ability to discern right from wrong. The State objected and the court denied the motions, finding they were made for purposes of delay.
Wingerter then stated that he understood that he was found to be in possession of heroin at East Jefferson Hospital. The State claimed that Wingerter was in the hospital when a friend came to visit him and brought him the heroin. In addition, according to the State, Wingerter admitted to the police that he was caught with the heroin by hospital staff and he knew what it was because a friend gave it to him. The State claimed that Wingerter knew his friend gave him heroin, and it was his *665 intent to possess it. Both Wingerter and defense counsel stated that, under the particular circumstances, the pleas were in the defendant's best interest.
Appellate counsel, in her brief, noted that Wingerter was informed what his plea would be and understood that he was charged as a second felony offender. He pled guilty to the multiple bill and was again informed what his sentence would be before it was imposed. Appellate counsel noted in her brief that Wingerter pled before the trial court ruled on any pre-trial motions but did not discuss this issue. Nevertheless, by pleading guilty any possible defect was waived. In our review of the record we find neither a basis for reversing this ruling, nor any non-frivolous issues. Therefore, we grant defense counsel's motion to withdraw.
The record was reviewed for errors patent, and none were found.
Accordingly, the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Anders, 386 U.S. at 744, 87 S.Ct. at 1400.
[3] See, State v. Bradford, 95-929, p. 3 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110
[4] See, State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam).
[5] State v. Jyles, supra.
[6] State v. Leonard, 04-708, p. 4 (La.App. 5 Cir. 12/14/04), 892 So.2d 66.
[7] State v. Leonard, supra.
[8] Id.