WALTER J. ROTHSCHILD, Judge.
|2On October 12, 2006, defendant, Cary T. Monroe, was charged by the Jefferson Parish District Attorney with distribution of cocaine, in violation of R.S. 40:967(A). On October 13, 2006, he entered a plea of not guilty. Defendant withdrew his plea of not guilty and entered a guilty plea on June 27, 2007. During the guilty plea colloquy, defendant admitted that he violated LSA-R.S. 40:967(A) by knowingly and intentionally distributing cocaine on August 15, 2006. In accordance with the plea agreement, defendant was sentenced to fifteen years at hard labor, concurrent with any other sentences he was serving, with the first two years to be served without benefit of parole, probation, or suspension of sentence. As part of the plea agreement, the State agreed not to file a habitual offender bill of information against defendant. On July 13, 2007, defendant filed a motion for appeal, which was granted.
|3On November 13, 2007, defense counsel filed a brief on behalf of defendant and a motion to withdraw in this Court.[1] Defense counsel also notified defendant of the motion to withdraw and of defendant’s right to file a supplemental pro se brief. On December 4, 2007, a letter was sent from the Clerk of this Court to defendant, advising him that he could file a supplemental brief with this Court. However, as of the date of this opinion, no supplemental brief has been filed.

*195
DISCUSSION

Defendant’s appellate counsel has filed a brief, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that she reviewed the record and found no non-frivolous issues which arguably support reversal of defendant’s conviction and sentence on appeal. Defense counsel requests that this Court review the record for errors patent on the face of the record.
Defense counsel’s brief was filed in conformity with all of the requirements necessary to file an Anders brief. When counsel files an Anders brief, an appellate court reviews several items: a) the bill of information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal. State v. Leonard, 04-708, pp. 4-5 (La.App. 5 Cir. 12/14/04), 892 So.2d 66, 69.
In this case, the trial court made no pre-plea rulings that could form the basis of an appeal. During the guilty plea colloquy, defendant admitted that he knowingly and intentionally distributed cocaine on August 15, 2006. The bill of information reveals that defendant was properly charged. Defendant was furthermore present during all crucial stages of the proceedings. He entered a free |4and voluntary guilty plea after being properly advised of his rights in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant also received a legal sentence.
After an extensive independent review of the entire record, we find no non-frivolous issues that could be argued on appeal. Thus, defense counsel is entitled to withdraw from this case. Further, after conducting an error patent review pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), we find no errors patent. Accordingly, we affirm defendant’s conviction and sentence.

DECREE

For the reasons set forth above, we affirm defendant’s conviction and sentence. Defense counsel’s request to withdraw from this case is hereby granted.

AFFIRMED; MOTION TO WITHDRAW GRANTED.

. Defense counsel's motion to withdraw was initially denied by this Court on November 14, 2007.