984 So.2d 149 (2008)
STATE of Louisiana
v.
Willie E. THOMAS.
No. 07-KA-941.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
*150 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Thomas J. Butler, Churita H. Hansell, Trial Counsel, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Gwendolyn K. Brown, Attorney at Law, Louisiana Appellate Project, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant appeals his conviction of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967 A. Appellate counsel filed an Anders brief, asserting that there are no non-frivolous issues for appeal. We affirm the conviction and sentence, and grant appellate counsel's motion to withdraw as attorney for the Defendant, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
The Defendant pled guilty to the charge in May of 2007 after being advised of his Boykin rights.[1] He also pled guilty to two other charges on the same date. The trial judge accepted the pleas, and in June of 2007, sentenced the Defendant on this conviction to ten years at hard labor, to run concurrently with his sentence in district court case number 05-6261.[2] The court further ordered that the sentence run concurrently with the sentence he would receive for a probation violation in another case.
The Defendant filed a pro se motion for appeal. Counsel appointed for the appeal subsequently filed a motion to withdraw, pursuant to Anders. The Defendant was properly notified that he was entitled to file a pro se appeal brief, but he failed to do so.
The Defendant's conviction was the result of a guilty plea, and the record contains little information regarding the facts of the arrest. The bill of information and the Boykin transcript only indicate that the Defendant was arrested in December of 2005 for distribution of cocaine.
The Defendant's appellate counsel asserts that she reviewed the record of the Defendant's guilty plea proceedings, and does not find any non-frivolous issues that may be raised on appeal.
In State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), the Fourth Circuit established the procedures to be followed when appellate counsel seeks to withdraw under Anders. Those were adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110,[3] and expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669, p. 3 (La. 12/12/97), 704 So.2d 241, *151 242 (per curiam). According to Anders, 386 U.S. at 744, 87 S.Ct. at 1400, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."
To comply with Jyles, appellate counsel must not only review the procedural history of the case and the evidence presented at trial. His or her brief must contain "`a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" Jyles, 96-2669 at p. 3, 704 So.2d at 242 (quoting State v. Mouton, 95-0981, p. 1 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam)). A brief which simply states that there are no non-frivolous issues, without some discussion, and which only requests a review for errors patent, is ordinarily disallowed. State v. Singleton, 03-1307, p. 4 (La.App. 5 Cir. 3/30/04), 871 So.2d 596, 598. If, after independent review, the appellate court finds a legal point that is arguable on the merits, it may either deny appellate counsel's motion to withdraw and order him to file a brief arguing that point, or it may grant the motion to withdraw and appoint substitute counsel. State v. Anderson, 01-789, p. 5 (La.App. 5 Cir. 1/15/02), 807 So.2d 956, 959, writ denied, 02-0569 (La.1/24/03), 836 So.2d 42 (citation omitted).
The Defendant's appellate counsel has complied with the requirements of Anders and Jyles. Additionally, our review of the record reveals no non-frivolous issues for appeal. As counsel notes, the trial judge advised the Defendant of his three Boykin rights: the right to a jury trial, the right of confrontation, and the privilege against self-incrimination. The judge also ascertained that the Defendant understood his rights, and that he was waiving them knowingly and voluntarily.
A defendant who pleads guilty normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Doussan, 05-586, p. 16 (La.App. 5 Cir. 2/14/06), 924 So.2d 333, 344, writ denied, 06-0608 (La.10/13/06), 939 So.2d 372.
In this case, the Defendant filed omnibus pre-trial motions, including a motion to suppress the evidence, which were never heard. Thus, there is no trial court ruling *152 from which the Defendant might have appealed.[4]
Article 881.2 A(2) of the Louisiana Code of Criminal Procedure provides that "[a] defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." A defendant is thus precluded from raising a claim of excessiveness on appeal when the imposed sentence is the product of a plea agreement. State v. Jones, 05-840, p. 14 (La.App. 5 Cir. 3/28/06), 927 So.2d 514, 528. Here, the Defendant's 10-year sentence was imposed as part of a plea agreement in which the State agreed not to file a habitual offender bill.
Based on the foregoing, we find that there are no non-frivolous issues for appeal, and we will grant counsel' motion to withdraw from representing the Defendant.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Polizzi, 05-478, p. 18 (La.App. 5 Cir. 2/14/06), 924 So.2d 303, 315. No patent errors requiring corrective action were found.
Accordingly, counsel's motion to withdraw as attorney for the Defendant in this matter is hereby granted.
Furthermore, the Defendant's conviction and sentence are hereby affirmed.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] Defendant pled guilty to distribution of cocaine within 1,000 feet of a church (La.R.S. 40:981.3) in district court case number 05-6261. That appeal, No. 07-KA-940, is currently pending.
[3] Quoting Benjamin, 573 So.2d at 530, the court set out the following requirements:

1. A court-appointed appellate attorney may file a motion to withdraw if the attorney, after a conscientious and thorough review of the trial court record, determines that the appeal is wholly frivolous. One copy of the motion, prepared for the signature of three judges, should be filed.
2. The appellant's brief should accompany the motion to withdraw. The brief shall comply with Rule 2-12, Uniform Rules, Courts of Appeal, and should include a thorough review of the procedural history of the case, a review of the facts of the case, a reference to anything in the record that might arguably support the appeal or a statement negating the presence of such, and a statement, either in the motion to withdraw or the appellant's brief, that counsel, after a conscientious and thorough review of the trial court record, can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal.
3. Counsel shall attach to the appellant's brief proof that a copy of the motion and the brief were forwarded to the appellant, with a notation whether the appellant has/has not received a copy of the trial court record and/or trial transcript. Counsel shall inform the appellant that he or she may file a supplemental brief in his or her own behalf.
4. After receiving the brief and motion, this Court shall notify the appellant that he or she should inform the court in writing within thirty days if he or she intends to file a brief.
5. If the Court finds, after an independent review of the record, that the appeal is wholly frivolous, it may grant the motion and affirm the conviction or trial court judgment. If the Court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the Court, or grant the motion and appoint substitute appellant counsel.
[4] A defendant waives all pending motions by permitting trial to proceed without raising the issue that his pre-trial motions were neither heard nor ruled on. State v. Fletcher, 02-707, p. 5 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, 559, writ denied, 03-0409 (La. 10/10/03), 855 So.2d 334.