FREDERICKA HOMBERG WICKER, Judge.
 

 |2In this criminal proceeding, defendant/appellant Randolph J. Allemand appeals his convictions and sentences. We affirm the convictions and sentences, finding no non-frivolous issues to be raised on appeal and no ruling of the trial court that arguably supports the appeal. We also grant appellate counsel’s motion to withdraw as counsel.
 

 On February 10, 2006, the state filed a two-count bill of information charging the defendant with sexual battery (Count 1) and aggravated incest (Count 2), violations of La. R.S. 14:43.1 and 14:78.1, respectively. The offenses allegedly occurred on or between March 10 and December 11, 2005. The alleged victim was five years old at the time of the offenses. Although defense counsel filed omnibus pretrial motions, there were no hearings held on the motions and consequently no rulings. On August 21, 2006, after being advised of his
 
 Boykin
 
 constitutional rights, the defendant withdrew his pleas of not guilty and pleaded guilty as charged to both offenses. The trial judge sentenced the defendant to the negotiated eight-) year3 term of imprisonment on Count 1, sexual battery.
 
 [1]
 
 The state filed a second felony habitual offender bill of information seeking to enhance the sentence on Count 2, aggravated in
 
 *941
 
 cest. After being advised of his habitual offender rights, the defendant stipulated to being a second felony offender as to Count 2. The trial judge imposed a 20-year enhanced sentence on Count 2 to run concurrently with the eight-year sentence on Count 1. The trial judge properly granted the defendant an out-of-time appeal.
 

 FACTS
 

 Since no motion hearings or trial were held in this case, we glean the underlying facts from the bill of information and the guilty plea colloquy. In Count 1 of the bill of information, the state alleged that on or between March 10, 2005 and December 11, 2005, defendant committed sexual battery upon a known juvenile whose date of birth was March 10, 2000, by enticing the child to “masturbate his penis.” In Count 2, the state alleged that between March 10 and December 11, 2005, the defendant committed aggravated incest upon a known juvenile whose date of birth was March 10, 2000, by bathing in the child’s presence; and that defendant was the child’s uncle. During the guilty plea colloquy, the defendant admitted that when he was 44 years of age and while he was taking a bath, he had his five-year-old niece rub medicine on his penis. He also admitted that he engaged in indecent behavior by bathing with the minor child.
 

 \ ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [2]
 
 appointed appellant counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record. The state responds that there are indeed no non-frivolous issues defendant might raise on appeal, and that counsel should be allowed to withdraw.
 

 DISCUSSION
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.
 
 [3]
 
 The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advo
 
 *942
 
 cate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 In evaluating an appeal for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 The defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel correctly observes there is no trial court ruling the defendant might challenge. She maintains that the district court adhered to all constitutional requirements in conducting the guilty plea colloquy, and that there is no issue the defendant might raise regarding the validity of his guilty pleas. Counsel further notes that there is |,¡no non-frivolous issue defendant might raise regarding his sentences. She affirms that both sentences were within statutory limits.
 

 Appellate counsel has filed a motion to withdraw as attorney of record, which states she complied with the requirements of
 
 Anders,
 
 and that she notified the defendant of his right to file a
 
 pro se
 
 brief in this matter. Additionally, on August 10, 2009, this Court sent the defendant a letter by certified mail informing him that an
 
 Anders
 
 brief was filed and that he would have until September 9, 2009 to file a
 
 pro se
 
 supplemental brief. The defendant has not contacted this court nor has he filed a supplemental brief.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. The defendant filed several pre-trial motions, but none of those motions were heard or ruled on in the district court.
 
 [4]
 
 Consequently, there were no trial court rulings defendant could have preserved for appeal under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 The record shows the district court properly advised defendant of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required by
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The judge ascertained that defendant understood those rights and that he wished to waive them and plead guilty. Additionally, defendant, his attorney, and the district judge signed a contemporaneous waiver of rights form which |7enumerated defendant’s rights and detailed the sentences he would receive pursuant to his guilty plea.
 

 
 *943
 
 The defendant entered an admission to the allegations in the habitual offender bill of information. The district court properly advised him of his right to a habitual offender hearing and his right to remain silent.
 
 [5]
 
 The defendant stated he understood those rights and wished to waive them.
 

 The defendant’s sentence on Count 1 was imposed in accordance with a plea agreement. La.C.Cr.P. art. 881.2 A(2) provides, “The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” The defendant’s sentence on Count 2 was imposed in conformity with a sentencing agreement. A defendant is precluded from raising a claim of excessiveness on appeal when his sentence was imposed in conformity with a sentencing agreement which is set forth in the record at the time he admitted to the allegations in the habitual offender bill.
 
 State v. Cross,
 
 06-866, p. 4 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30. Also, both of defendant’s sentences fell within the statutory limits. During the time span in which defendant’s offenses were alleged to have occurred, the sentencing range for sexual battery was imprisonment, with or without hard labor, and without benefit of parole, probation, or suspension of sentence, for not more than ten years. La. R.S. 14:43.1(C). For aggravated incest, the defendant could have received a mandatory fíne not to exceed $50,000, or a term of imprisonment, with or without hard labor, for not less than five years or more than 20 years, or both. La. R.S. 14:78.1(D). For a second felony offender under the aggravated incest statute, the | ^sentencing range was ten to 40 years at hard labor, without benefit of probation or suspension of sentence.
 
 [6]
 

 Id.;
 
 La. R.S. 15:529.1 A(l)(a); La. R.S. 15:529.1(G).
 

 Appellate counsel complied — albeit minimally — with the requirements of
 
 Anders
 
 and
 
 Jyles.
 
 In her brief, counsel lists the issues she considered and ruled out as possible appeal claims, but does not include citation to authority. To comply with
 
 Jyles,
 
 appellate counsel must not only review the procedural history of the case and the evidence presented at trial. His brief must contain “ ‘a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.’ ”
 
 Jyles,
 
 96-2669 at 3, 704 So.2d at 242, quoting
 
 State v. Mouton,
 
 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177 (per cu-riam). A brief which simply states that
 
 *944
 
 there are no non-frivolous issues, without some discussion, and which only requests a review for errors patent, is ordinarily disallowed.
 
 State v. Singleton,
 
 03-1307, p. 4 (La.App. 5 Cir. 3/30/04), 871 So.2d 596, 598. While counsel’s compliance with the requirements of
 
 Anders
 
 was minimal, we grant the motion to withdraw and affirm the defendant’s convictions and sentences, since there are no non-frivolous issues for appeal.
 
 Accord: State v. Cole,
 
 04-615, pp. 10-11 (La.App. 5 Cir. 3/1/05), 900 So.2d 15, 22-23 (This court found that appellate counsel only minimally complied with the requirements of
 
 Anders,
 
 but nevertheless granted her motion to withdraw, since there were no non-frivolous issues for appeal.).
 

 \ «ERROR PATENT
 

 The record was reviewed for errors patent, according to La.C.Cr.P. art. 920(2).
 
 See also State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). We discern the following errors patent.
 

 First we note that there are two discrepancies between the transcript and the commitments/minute entries; namely, the entries do not accurately reflect the sentences that were imposed.
 

 The record contains two commitments/minute entries for the date of sentencing. The first commitment/minute entry reflects that the trial judge imposed concurrent original sentences of eight years on both counts.
 
 [7]
 
 The transcript, however, shows otherwise. The transcript governs.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). The trial judge only imposed an original sentence on Count 1, sexual battery.
 

 The second commitment/minute entry incorrectly states that the trial judge vacated the original sentence on Count 2 before imposing the enhanced sentence.
 
 [8]
 
 Rather than imposing an original sentence on Count 2, the trial judge simply imposed the enhanced habitual offender 20-year sentence.
 
 See:
 
 La. R.S. 15:529.1(D)(1)(3) (directing that sentence be vacated if previously imposed). Also, the entry incorrectly states that the trial judge imposed a parole restriction.
 

 Thus, we remand this matter to the trial court and instruct the district court to correct the first entry to strike the portion reflecting that the trial judge imposed an original sentence on Count 2. We instruct the district court to correct the second entry to strike the portions denying parole eligibility and vacating the original sentence on Count 2. We direct the clerk of court to transmit the originals of the corrected commitments/minute entries to the officer in charge of the institution to hnwhich the defendant has been sentenced.
 
 See:
 
 La.C.Cr.P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 Second, we note that the trial judge orally advised the defendant of some sex offender registration requirements but he failed to provide the statutorily-required written notification form provided in La. R.S. 15:543.1.
 

 La. R.S. 15:542 outlines mandatory registration requirements for those categorized as sex offenders under La. R.S. 15:541(24) and child predators.
 
 [9]
 
 Additionally, La. R.S. 15:542.1 sets out notification requirements for those offenders categorized as sex offenders and child predators. La. R.S. 15:543(A) requires the trial court
 
 *945
 
 to provide written notice to all sex offenders and child predators of the registration and notification requirements, using the form contained in La. R.S. 15:543.1.
 

 This case is complicated by legislative amendments to La. R.S. 15:543.1. The statute was amended to provide the form to be used by the courts by 2007 La. Acts, No. 460, § 2, effective January 1, 2008.2007 La. Acts 460, § 6 provides:
 

 The provisions of this Act shall apply to all persons convicted of a sex offense or a criminal offense against a victim who is a minor, as defined in R.S. 15:541, regardless of the date of conviction, with the exception of those persons required to register under previous provisions of law whose obligations to register have been fulfilled and extinguished by operation of law. Any person under an obligation to register as of the effective date of this Act shall comply with the requirements contained in this Act and shall be given credit for having fulfilled them obligations to register for the length of time equal to their previous registration in compliance with law.
 

 Thus, since the act applies to all such designated persons regardless of the date of conviction, the Court was required to use the statutorily-required form.
 

 We also note that in 2008, the legislature made several amendments to La. R.S. 15:543.1 to reflect changes in the underlying registration requirements. 2008 |nLa. Acts 816, § 1. Additionally, in 2009, the legislature again amended Article 543.1, stating that the amendments were curative and remedial and should be applied retroactively as well as prospectively. 2009 La. Acts 205, § 3, effective August 15, 2009. The 2008 amendments unlike those in 2007 and 2009 did not mention whether they were to be applied retroactively. However, among the 2009 amendments to the form was the additional language stating that the defendant is subject to any changes in the law from the day of the written notice until forward.
 

 In 2008, the defendant’s certification portion read:
 

 I hereby certify that I have received a copy of the above notice of sex offender registration and notification requirements and a copy of the statutes providing for such requirements.
 

 Effective August 15, 2009, the certification provision now provides
 

 (emphasis added):
 

 I hereby certify that the above requirements have been explained to me, that I have received a copy of the above notice of sex offender registration and notification requirements, and a copy of the statutes providing for such requirements. I also understand that I will be subject to any changes made by the legislature to the registration laws from this day forward.
 

 Thus, we hold that the latest amendment to La. R.S. 15:543.1 applies to the defendant. Therefore, the trial court’s written notification should reflect the law currently in effect.
 
 See: State ex rel. Oli-vieri v. State,
 
 00-0172, pp. 1-2 (La.2/21/01), 779 So.2d 735, 736-37,
 
 cert. denied,
 
 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001) (Retroactive application of law requiring registration of sex offenders and public notification did not violate state and federal
 
 ex post facto
 
 clauses.).
 

 As a result, remand is required for the purpose of providing the appropriate written notice to the defendant of the sex offender registration requirements.
 
 State v. Patterson,
 
 05-560, pp. 17-19 (La.App. 5 Cir. 1/31/06), 922 So.2d 1195, 1205-1207
 
 writ denied,
 
 06-1191 (La.3/16/07), 952 So.2d 687. This case is remanded and the trial judge is directed to advise the defendant of the sex offender registration re
 
 *946
 
 quirements under the current provisions of La. R.S. 15:543.1 within ten days after rendition of this opinion and to file written proof in the record that the defendant received such notice.
 

 CONCLUSION AND DECREE
 

 For the foregoing reasons, appellate counsel’s Motion to Withdraw is granted, and the defendant’s convictions and sentences are affirmed. This matter is remanded to the trial court with instructions as more fully discussed in this opinion.
 

 MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCE S AFFIRMED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . The trial court failed to impose restrictions on the sentence for Count 1. La. R.S. 14:43.1(C) requires that restrictions be imposed on die sentence. But La. R.S. 15:301.1 makes the restrictions self-operating. No corrective action is required.
 

 [2]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mon-ton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State
 
 v.
 
 Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [3]
 

 . The United Slates Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [4]
 

 . The defendant waived his outstanding motions by entering a guilty plea without complaining that the district court had neither heard nor ruled on them. See
 
 State v. Corzo,
 
 04-791,
 
 p.
 
 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
 

 [5]
 

 . La. R.S. 15:529.1 D(l)(a) requires that the defendant be advised of the specific allegations contained in the habitual offender bill of information and his right to a formal hearing at which the State must prove its case. Implicit in this requirement is the additional requirement that the defendant be advised of his constitutional right to remain silent.
 
 State v. Johnson,
 
 432 So.2d 815, 817 (La. 1983);
 
 State v. Bell,
 
 03-217, p. 4 (La.App. 5 Cir. 5/28/03), 848 So.2d 87, 90.
 

 [6]
 

 . Under the current version of La. R.S. 14:43.1(C)(2), the sentencing range for sexual battery on a victim under the age of 13 where the offender is 17 years of age or older is punishable by imprisonment at hard labor for not less than 25 years nor more than 29 years. At least 25 years of the sentence must be served without benefit of parole, probation, or suspension of sentence. The current version of La. R.S. 14:78.1(D)(2) provides that an offender age 17 or older who commits aggravated incest on a victim under age 13 is subject to a sentence of 25 to 99 years at hard labor, at least the first 25 years of which must be served without benefit of parole, probation, or suspension of sentence. For a second felony offender under the aggravated incest statute, the current sentencing range is 49.5 to 198 years without benefit of probation or suspension of sentence for the entire term, and without benefit of parole for at least the first 25 years. La. R.S. 14:78.1(D); La. R.S. 15:529.1(A)(1)(a); La. R.S. 15:529.1(G).
 

 [7]
 

 . Appellate Record, p. 29.
 

 [8]
 

 . Appellate Record, p. 31.
 

 [9]
 

 .Both sexual batteiy (La. R.S. 14:43.1) and aggravated incest (La. R.S. 14:78.1) are classified as a "sex offenses’’ under La. R.S. 15:541(24).