WINDHORST, J.
Defendant, Christian Hernandez, appeals his convictions and sentences for armed robbery with a firearm and attempted second degree murder. For the following reasons, we affirm defendant's convictions and sentences and remand with instructions.
Background
On January 27, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant, Christian Hernandez, with armed robbery with a firearm, in violation of La. R.S. 14:64 and La. R.S. 14:64.3 (count one) and attempted second degree murder, in violation of La. R.S. 14:30.1 and La. R.S. 14:27 (count two). Defendant was arraigned on January 30, 2014, and pled not guilty.
On July 17, 2015, defendant withdrew his not guilty pleas and pled guilty as charged. On July 20, 2015, the trial judge sentenced defendant to imprisonment at hard labor for twenty-three years plus an additional five-year sentence at hard labor pursuant to La. R.S. 14:64.3 on count one, and imprisonment at hard labor for twenty-eight years on count two, with both sentences including the enhancement, to be served without benefit of parole, probation, or suspension of sentence. The trial judge also ordered those sentences to run concurrently with each other and with any other sentences that defendant may be currently serving.
On June 6, 2017, defendant filed an Application for Post-Conviction Relief (APCR) arguing that he was not adequately informed of the consequences of his plea and of the minimum possible sentences. The trial judge dismissed the APCR without prejudice and advised defendant to seek an out-of-time appeal as set forth in State v. Counterman, 475 So.2d 336 (La. 1985). On August 1, 2017, defendant filed a notice of intent to apply for a writ of review. On August 31, 2017, this Court granted the writ for the limited purpose of vacating the district court's order dismissing the APCR, and remanding the matter to the district court with instructions to construe defendant's timely filed APCR
*358 as a request for an out-of-time appeal. State v. Hernandez, 17-KH-430 (La. App. 5 Cir. 8/31/17) (unpublished writ disposition). On September 15, 2017, the trial judge granted defendant an out-of-time appeal and dismissed the APCR without prejudice.
Because defendant pled guilty, the underlying facts were not fully developed at a trial. Nevertheless, the State alleged in the amended bill of information that on or about March 8, 2013, Christian Hernandez and his co-defendants, Kevin Rivas and Leonardo Paredes-Morales robbed Louis Alvarado while armed with a dangerous weapon, "to wit: a firearm as per La. R.S. 14:64.3" (count one). The State alleged in that same amended bill of information that on March 8, 2013, Hernandez and his co-defendant, Rivas attempted the commit second degree murder of Louis Alvarado. During the colloquy, the State provided the following factual basis:
If the State had proceeded to trial against both Defendants[1] in Case No. 14-0436 it would have proven beyond a reasonable doubt that on March 8th, 2013 that both Defendants violated Louisiana Revised Statute 14:64 and they did rob Louis Alvarado while armed with a dangerous weapon under the provision of Louisiana Revised Statute 14:64.3.
Furthermore, it would have proven beyond a reasonable doubt that both Defendants on that same date, March 8th, 2013 violated Louisiana Revised Statute 14:27:30.1 in that they did attempt to commit second degree murder of Louis Alvarado.
Your Honor, both of these offenses occurred in the Parish of Jefferson.
Defendant indicated that he committed the crimes to which he was pleading guilty.
Assignments of Error
Defendant asserts that he has waived his right to appeal, that his application for post-conviction relief was timely and properly filed, and the merit of his claims should be determined after an evidentiary hearing. Defendant also asserts that his decision to plead guilty was based on misinformation about the rate of good-time he would receive, and the absence of any information regarding the minimum possible sentence. For these reasons, defendant also asserts he was denied effective assistance of counsel. Defendant further asserts that his ineffective assistance of counsel and invalid guilty plea claims should be addressed by the trial court.
Assignment of Error One
Defendant argues that he waived his right to appeal at the time of his guilty plea, and therefore, his APCR was timely filed and should be addressed. On July 17, 2015, defendant pled guilty as charged, and on July 20, 2015, the trial judge sentenced defendant. He did not appeal his convictions and sentences. As a result, his convictions and sentences became final thirty days after he was sentenced, or on August 19, 2015.
La. C.Cr.P. art. 924.1 provides: "[a]n application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending." The Official Comments to La. C.Cr.P. Art. 924.1 state that "[t]his article reaffirms the post appellate nature of the procedure. Post conviction relief is not designed to take the place of an appeal. The petitioner must first exhaust whatever appellate *359 rights he has." Louisiana jurisprudence also provides that a defendant's appeal rights must be exhausted before filing an application for post-conviction relief. State v. Singleton, 03-1307 (La. App. 5 Cir. 03/30/04), 871 So.2d 596.
Defendant's APCR was premature as he had not exhausted his appellate rights when it was filed. As such, the trial judge did not err by granting defendant an out-of-time appeal and by dismissing the APCR without prejudice.
Assignment of Error Two
Defendant argues that misinformation about the rate of good time he would receive and the absence of any information regarding the minimum possible sentences influenced his decision to plead guilty.[2] Defendant asserts that neither his attorney nor the trial judge advised him that the required amount of service on his sentences would be significantly longer because the offenses are crimes of violence. Defendant also asserts that the trial judge failed to advise him of the minimum sentences pursuant to La. C.Cr.P. art. 556.1, and that if he had known such, he would not have pled guilty in return for a sentence of more than twenty-three years of incarceration. Given our conclusions under assignments of error three and four, we only address the merits of this assignment of error as it is directed to the trial judge.
In State v. Roe, 05-116 (La. App. 3 Cir. 06/01/05), 903 So.2d 1265, the Louisiana Third Circuit Court of Appeal, held that the trial court is not obligated to inform defendant that good time or parole would be barred. Thus, defendant's claim that the trial judge did not properly advise him regarding good time and parole lacks merit.
Defendant's claim that his guilty plea was involuntary because the trial judge did not advise him of the minimum mandatory sentence also lacks merit. Based on our review of the record, we find that defendant was not prejudiced by this as he was fully aware of the crimes to which he was pleading guilty and the consequences of his guilty pleas. The record indicates defendant executed a detailed plea form, which sets forth the sentences to be imposed and all of the rights waived by the guilty plea. The trial court conducted a Boykin [3] colloquy with defendant and explained to him the rights he was waiving by pleading guilty. Defendant answered all the trial court's questions throughout the plea colloquy and sentencing. Defendant's sentences are consistent with the plea agreement, within the statutory limits, and far less than the potential maximum. Defendant did not reserve any rights to appeal pretrial rulings of the trial court prior to pleading guilty, and had the opportunity to ask questions regarding his plea and sentence but did not.
Considering the above, we find defendant's assertions that he would not have pled guilty had the trial judge advised him of the mandatory minimum sentence for his crimes and the difference in calculating good time for crimes of violence are without merit.
Assignments of Error Three and Four
Defendant asserts that his trial counsel was ineffective because he did not inform him of the minimum possible sentences *360 and the correct rate of good time credits he would receive on his sentences. He contends that post-conviction procedures permit similarly situated petitioners to present testimony and to be represented by counsel during an evidentiary hearing and that he has not been afforded this opportunity. Defendant argues that his claims of ineffective assistance of trial counsel and invalid guilty pleas should be addressed by the trial court in an evidentiary hearing. He further argues that without a hearing, he cannot meet his burden of proof, and his constitutional right to procedural and substantive due process would be denied.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. However, when the record contains sufficient evidence to rule on the merits of the claim, and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Taylor, 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
Based on the record and given defendant's assertion that an evidentiary hearing is necessary to address his claims, we do not consider the merits of defendant's ineffective assistance of counsel claims. These claims would be most appropriately addressed in an APCR in the district court where an evidentiary hearing could be conducted after defendant's appeal rights have been exhausted.
Errors Patent
We reviewed the record for errors patent and found the following. La. C.Cr.P. art. 920 ; State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). The uniform commitment order (UCO) indicates that defendant was sentenced to imprisonment at hard labor for twenty-eight years, while the transcript reflects that defendant was sentenced to imprisonment at hard labor for twenty-three years and plus an additional five years at hard labor pursuant to La. R.S. 14:64.3 for a total of twenty-eight years. The transcript prevails. State v. Lynch, 441 So.2d 732 (La. 1983). Therefore, we remand this case and instruct the trial judge to correct the UCO to indicate defendant's sentence and the five-year enhancement. We also instruct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and to the Department of Corrections' legal department. See State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136 (citing La. C.Cr.P. art. 892(B)(2) ).
Conclusion
For the foregoing reasons, we affirm defendant's convictions and sentences and remand with instructions.
AFFIRMED AND REMANDED

The trial judge referred to defendant, Christian Hernandez, and co-defendant, Kevin Rivas.

Defendant contends that since he was sentenced, he has learned that he must serve a minimum of eighty-five percent of the sentences imposed and that he would receive good time at the rate of only three days for every seventeen days served and not one and one-half days of good time for every day served pursuant to La. R.S. 15:571.3(B)(1)(a) and (B)(2).

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).