764 So.2d 1130 (2000)
STATE of Louisiana
v.
Willard WALKER.
No. 99-KA-1957.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 2000.
*1132 Harry F. Connick, District Attorney, Charles E.F. Heuer, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff-Appellee State of Louisiana.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant-Appellant Willard Walker.
(Court composed of Chief Judge ROBERT J. KLEES, Judge MOON LANDRIEU and Judge PATRICIA RIVET MURRAY).
KLEES, Chief Judge.
Defendant Willard Walker was charged by bill of information dated November 20, 1998 with possession of cocaine; and, he pleaded not guilty. On December 17, 1998, he was tried by a six-member jury that found him guilty as charged. On January 7, 1999, the trial court sentenced defendant to five years at hard labor; the State filed a multiple bill. On March 11, 1999, a hearing was held on the multiple bill at which the trial court found defendant to be a third felony offender. The trial court vacated the original sentence and resentenced defendant to five years at hard labor. Defendant now appeals raising two issues: 1. There was insufficient evidence to find him guilty; and 2. The sentence was excessive.

FACTS
Officer Kevin Coakley testified that on November 17, 1998, he and his two partners, Johnny Young and David Waite, were on proactive patrol in the area of Marais and Charbonnet when they saw a black male, later identified as defendant, standing next to a porch with his back to the officers and urinating. Coakley and Waite both testified that as they got closer, defendant turned around, put something down on the porch, and buttoned up his pants. The officers approached defendant and conducted what Coakley called a "pedestrian stop." Coakley stated that defendant cooperated and walked over to the patrol car and that as defendant did so, he dropped some things to the ground. Waite detained defendant while Coakley went over to the porch to see what defendant had set down. He found a matchbox that he took over to the patrol car and opened. It contained matches and three pieces of a white rock-like substance, which was later tested and found to be crack cocaine. The officers also recovered a hand-rolled cigarette that was next to the matchbox.
Defendant testified that he was walking down Alabo Street toward Marais and turned the corner onto Marais when he decided to go to the side of a house to urinate. He said that he saw a matchbox and matches. He then saw the police and buttoned up his pants. He said that one of the officers told him that he could go to jail for urinating in public and that he was then ordered over to the police car. Defendant stated that another officer went over to the porch, picked up the matchbox, and walked back to tell the other officers that they had something and to book defendant. He denied placing anything on the porch.

ERRORS PATENT
A review of the record shows no errors patent.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, defendant complains that the State failed to present sufficient evidence of his guilt of possession of cocaine. He argues that there is a lack of eyewitness testimony *1133 showing that he possessed the cocaine found on the porch.
The standard for reviewing a claim of insufficient evidence is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact after could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Hawkins, 96-0766 (La.1/14/97), 688 So.2d 473. The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989).
Defendant was found guilty of possession of cocaine. To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the illegal drug and that he knowingly possessed. La. R.S. 40:967(C). A person found in the area of illegal contraband can be considered in constructive possession if the illegal substance is subject to his dominion and control. State v. Trahan, 425 So.2d 1222 (La.1983). Determining whether the defendant had constructive possession depends upon the circumstances of each case; among the factors to be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are: whether the defendant knew that illegal drugs were present in the area; the defendant's relationship to the person in actual possession; whether there is evidence of recent drug use; the defendant's proximity to the drugs; and any evidence that the area is frequented by drug users. State v. Allen, 96-0138 (La.App. 4 Cir. 12/27/96), 686 So.2d 1017. However, the mere presence of the defendant in an area where drugs are found is insufficient to prove constructive possession. State v. Collins, 584 So.2d 356 (La.App. 4 Cir. 1991).
The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. State v. Guillard, 98-0504 (4th Cir. 4/7/99), 736 So.2d 273. The factfinder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. Id. When circumstantial evidence forms the basis for the conviction, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012. This is not a separate test from Jackson v. Virginia, but is instead an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); State v. Addison, 94-2431 (La. App. 4 Cir. 11/30/95), 665 So.2d 1224.
It appears that the State presented sufficient evidence of defendant's guilt. The jury must have rejected defendant's version of the events and believed the testimony of Coakley and Waite that they saw defendant place upon the porch an object which was the matchbox containing crack *1134 cocaine. This credibility determination is not an abuse of discretion. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, defendant complains that the trial court erred in imposing an excessive sentence. He argues that the trial judge failed to give reasons for the sentence as required by La.C.Cr.P. art. 894.1, and the sentence of five years was unwarranted because defendant was not a violent offender.
Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992); State v. Telsee, 425 So.2d 1251 (La.1983). The trial court has great discretion in sentencing within the statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D).
Generally, the reviewing court must determine whether the trial judge adequately complied with the guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La. 1982). If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case. State v. Egana, 97-0318 (La.App. 4 Cir. 12/3/97), 703 So.2d 223. The articulation of the factual basis for the sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions; where the record clearly shows an adequate factual basis for the sentence, resentencing is unnecessary even when there has not been full compliance with Article 894.1. Id.
Defendant had been charged with being a fourth felony offender based on convictions for simple burglary in 1976, possession of stolen property in 1986, and simple burglary in 1992. The trial judge found him to a third offender after concluding that defendant had not been adequately advised of his rights or represented by counsel when he pleaded guilty to simple burglary in 1976. The trial judge gave no reasons for the five-year sentence.
As a third offender, the sentencing range for defendant was from forty months to ten years. La. R.S. 15:529.1(A)(1)(b)(i). Thus, his sentence of five years was half the maximum possible sentence. Although the trial judge gave no reasons under Article 894.1 for the sentence, it does not appear that the trial judge abused his discretion in imposing the sentence he did considering that defendant had three prior convictions. This assignment of error is without merit.
Accordingly, the conviction and sentence of defendant Willard Walker is hereby affirmed.
AFFIRMED.