MAX N. TOBIAS, JR., Judge.
 

 | )The defendant, Herman Robinson a/k/a Isaih Robinson (“Robinson”), was charged by bill of information on 17 July 2008 with possession of cocaine, a violation of La. R.S. 40:967 C(2). Robinson pleaded not guilty at his 23 July 2008 arraignment. The trial court denied his motion to suppress the evidence. On 14 January 2009, this court denied Robinson’s writ application pertaining to alleged violations of his right to due process.
 
 [1]
 
 On 3 February 2009, Robinson withdrew his plea of not guilty and entered a plea of guilty as charged pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), reserving his right to appeal,
 
 inter alia,
 
 the denial of his motion to suppress the evidence. He also pleaded guilty to being a second-felony habitual offender. Robinson waived sentencing delays and was sentenced to serve seven years at hard labor as a second-felony habitual offender. On 17 March 2009, this court granted his writ application for the sole purpose of transferring his motion for appeal to the trial court.
 
 [2]
 
 The trial court denied Robinson’s motion to quash on 31 March 2009, but granted his motion for appeal on 23 April 2009.
 

 | ¡Appellate counsel filed a brief requesting a review for errors patent and a separate motion to withdraw. Robinson filed two pro se briefs.
 

 New Orleans Police Department Detective Kyle Hinrichs testified that on 6 July 2008, he executed a search warrant at an apartment located at 2105 Thalia Street in New Orleans. The search warrant had been obtained on 2 July 2008 based on information Detective Hinrichs had obtained within the preceding forty-eight hours from a reliable confidential informant. Detective Hinrichs had set up and observed a controlled purchase of a rock of crack cocaine from an individual who accepted currency from the informant, entered 2105 Thalia Street, and returned to hand the informant a small object. The informant left the scene and met with Detective Hinrichs, where he handed the detective an individually wrapped piece of an off-white rock-like substance consistent in appearance with crack cocaine. Detective Hinrichs obtained a search warrant based on the foregoing facts.
 

 Detective Hinrichs testified that prior to executing the search warrant he set up a brief surveillance of 2105 Thalia Street to
 
 *1140
 
 ascertain whether or not illegal activity was occurring. He observed what he believed to be a hand-to-hand narcotics transaction involving Robinson and an unknown white male. The white male approached Robinson and handed him currency. Robinson then entered 2105 Thalia Street, exited, and handed the white male a small unknown object. Detective Hin-richs stated that he terminated his surveillance and met with two other officers, Sergeant Labrano and Detective Germann, to plan the execution of the search warrant. The officers initially detained several persons outside of the apartment. Robinson had been standing outside of 2105 Thalia Street when the officers drove up, but Detective Hinrichs said when Robinson saw them he quickly |sstepped inside that apartment. The officers knocked on the front door and were admitted inside by a female. Sergeant Labrano detained two individuals seated on a bed inside. Detective Hinrichs proceeded to the bathroom of the very small apartment, where he observed Robinson facing and stepping away from the bathroom window. The fully-clothed Robinson quickly and nervously sat down on the toilet. Detective Hinrichs detained him and escorted him to Sergeant Labrano. Detective Hinrichs returned to the bathroom and observed a clear plastic bag containing ten individually-wrapped pieces of crack cocaine on the window sill where Robinson had been standing. Robinson was subsequently arrested. Detective Germann seized $54.00 from Robinson’s person at the time of the arrest.
 

 ERRORS PATENT AND COUNSELED ASSIGNMENT OF ERROR
 

 Appellate counsel’s brief raises a sole assignment of error: a request for review of the record for patent errors. A review of the record reveals no patent errors.
 

 Further, appellate counsel filed a motion to withdraw. Counsel complied with the procedures outlined by
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicates a thorough review of the record. Counsel moved to withdraw because she believes, after diligently having reviewed the appellate record, no legitimate issue for appeal exists. Counsel submits that a copy of the brief has been served on Robinson, and that in a confidential letter to him she described the issues that she considered and the reasons she did not assign |4them as error. As previously noted, Robinson has filed two essentially pro se briefs, and the alleged errors he raises are addressed below.
 

 As per
 
 State v. Benjamin,
 
 we have performed an independent, thorough review of the pleadings, minute entries, bills of information, and transcripts in the appeal record. Robinson was properly charged by bill of information with a violation of La. R.S.40:967 C(2), and the bill of information was signed by an assistant district attorney. He was present and represented by counsel at arraignment, at the entering of his subsequent plea of guilty, and at sentencing. The sentence imposed is legal in all respects. An independent review reveals no non-frivolous issues and no trial court ruling that arguably supports the appeal.
 

 Considering the foregoing, appellate counsel’s motion to withdraw is granted.
 

 PRO
 
 ASSIGNMENTS OF ERROR NOS. 1AND2
 

 In his pro se assignments of error, that overlap, Robinson argues that the trial court erred in denying his motion to suppress the evidence because he was unlawfully detained and/or arrested by police
 
 *1141
 
 before the cocaine was discovered on the sill of the window where he had been standing.
 

 Police officers were in the process of executing a search warrant when they detained Robinson in the apartment being searched. No indication is present that Robinson resided in the apartment. “When executing a search warrant, officers may briefly detain persons who are present, regardless of their occupancy status with regard to the subject property, if the police possess the minimal level of objective justification for an investigatory stop based on reasonable suspicion of [ r,criminal activity.”
 
 State v. Boyer,
 
 07-0476, p. 20 (La.10/16/07), 967 So.2d 458, 471.
 

 Detective Hinrichs testified that prior to the officers execution of the search warrant he had observed Robinson in front of the building engaged in what appeared to the officer to be a hand-to-hand narcotics transaction. Thus, police had the requisite reasonable suspicion to believe that Robinson had engaged in criminal activity, and they lawfully detained him while searching the premises pursuant to the search warrant.
 

 More importantly, Detective Hin-richs discovered the cocaine not on Robinson’s person but on the window sill of the residence the officers were searching pursuant to the search warrant. Thus, the cocaine actually was seized as a result of a search authorized by the search warrant, not as a result of the detention of Robinson.
 

 A defendant such as Robinson bears the burden of proving that evidence seized pursuant to the issuance of a search warrant should be suppressed. La.C.Cr.P. art. 703 D;
 
 State v. Hodge,
 
 00-0515, p. 12 (La.App. 4 Cir. 1/17/01), 781 So.2d 575, 583. We find that the search warrant issued in this case was based upon the information given the police by a confidential informant. Robinson offers no evidence to the contrary, such as the informant was not reliable.
 

 A trial court’s ruling on a motion to suppress the evidence is entitled to great weight because the court has the opportunity to observe the witnesses and weigh the credibility of their testimony.
 
 State v. Mims,
 
 98-2572, p. 3 (La.App. 4 Cir. 9/22/99), 752 So.2d 192, 193-194. In the case at bar, the trial court properly denied Robinson’s motion to suppress the evidence.
 

 |fiRobinson states in his second assignment of error that the state must prove that he possessed an illegal drug, thus suggesting that he questions the sufficiency of the evidence. However, Robinson pleaded guilty as charged to possession of cocaine. He cannot now attack the sufficiency of the evidence.
 
 See State v. Smith,
 
 07-815, p. 4 n. 3 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 824,
 
 writ denied,
 
 08-0927 (La.11/14/08), 996 So.2d 1088 (“A plea of guilty by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial.... Therefore, because defendant pled guilty he cannot challenge the sufficiency of the evidence.”).
 

 We find no merit to Robinson’s assignments of error.
 

 CONCLUSION
 

 For the foregoing reasons, Herman Robinson’s conviction and sentence are affirmed and appellate counsel’s motion to withdraw is granted.
 

 AFFIRMED; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 .
 
 State v. Robinson,
 
 08-1480, unpub. (La.App. 4 Cir. 1/14/09).
 

 [2]
 

 .
 
 State v. Robinson,
 
 09-0246, unpub. (La.App. 4 Cir. 3/17/09).