65 So.3d 679 (2011)
STATE of Louisiana in the Interest of A.H.
No. 2010-CA-1673.
Court of Appeal of Louisiana, Fourth Circuit.
April 20, 2011.
*680 Tenee Felix, Juvenile Regional Services, New Orleans, LA, for Appellant, A.H.
Leon A. Cannizzaro, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR., Judge ROLAND L. BELSOME).
*681 ROLAND L. BELSOME, Judge.
The juvenile, A.H., appeals the judgment of the Juvenile Court for the Parish of Orleans adjudicating him delinquent after finding he committed the offense of possession of marijuana. Specifically, A.H. argues that the juvenile court erred in adjudicating him delinquent because the State failed to prove he committed the offense of possession of marijuana beyond a reasonable doubt and the juvenile court erred in denying his motion to suppress physical evidence. For the following reasons, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
The State filed a delinquency petition charging A.H. with violating La. R.S. 40:966, possession of marijuana. On September 20, 2010, the juvenile court held an adjudication hearing.
At the adjudication hearing, Officer Carwile testified that he was working in the First District when he and his partner observed a PT Cruiser traveling down Frenchman Street disregard a stop sign while also traveling at a high rate of speed. To effect a traffic stop, the officers activated the police unit's emergency lights and siren. After the PT Cruiser stopped, Officer Carwile testified that he approached the driver side of the vehicle and his partner, Officer Bissel, approached the passenger side of the vehicle. Officer Carwile stated that as he got closer, he noticed the odor of fresh marijuana through the open windows of the vehicle. After noticing the odor of marijuana, the officers ordered A.H., the driver, and his passenger, A.P., out of the vehicle and brought them around to the back of the PT Cruiser. Officer Carwile could not remember if the juveniles were handcuffed or not when first brought to the rear of the PT Cruiser. While Officer Carwile stayed with the juveniles, Officer Bissel searched the PT Cruiser. After Officer Bissel found marijuana, Officer Carwile stated that A.H. and A.P. were arrested for possession of marijuana. Officer Carwile testified that A.H. followed the order to get out of the vehicle immediately and spoke politely and softly. Officer Carwile testified that A.H. did not appear to have been drinking or to be on any drugs.
Officer Bissel's testimony varied little from Officer Carwile's. Officer Bissel testified that as he approached the PT Cruiser after the stop, the odor of fresh marijuana was strong. Officer Bissel testified that the juveniles were brought to the back of the PT Cruiser and were handcuffed. After they were handcuffed, he began his search of the vehicle. During the search, Officer Bissel found a can of Pringles in the center console, between the driver's seat and the passenger's seat. Upon opening the can of Pringles, Officer Bissel discovered a plastic bag of marijuana. Based upon his finding of marijuana, Officer Bissel searched the immediate area where the juveniles were in the vehicle, including the glove compartment and under the seats, but found no other contraband.
Officer Glibin from the crime lab testified that he tested the evidence found in the Pringles can from the PT Cruiser. Officer Glibin positively identified the evidence from the Pringles can as marijuana.
A.P. testified that A.H. picked him up from his home. A.P. stated that he got into the PT Cruiser with the Pringles can and placed it in the cup holder of the center console between the seats. A.P. noted that A.H. never touched or handled the Pringles can. A.P. testified that after the vehicle was stopped by the police, he and A.H. were brought to the rear of the vehicle and handcuffed. After they were handcuffed, the vehicle was searched. A.P. testified that the officer found the *682 marijuana in the Pringles can and they were both arrested and charged with possession of marijuana. A.P. testified that he pled no contest to the possession of marijuana charge and received community service.
At the conclusion of the hearing, the juvenile court found A.H. committed the offense of possession of marijuana and adjudicated A.H. delinquent. The juvenile court committed A.H. to the Department of Safety and Corrections for six months. The juvenile court suspended the commitment and placed A.H. on active probation for one year. A.H. timely filed a motion for appeal.

STANDARD OF REVIEW
In order to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch.C. art. 883. The standard for the State's burden of proof in a juvenile delinquency proceeding is "no less strenuous than the standard of proof required in a criminal proceeding against an adult." State in the Interest of A.G., 630 So.2d 909, 910 (La.App. 4 Cir. 12/30/93); State in the Interest of G.M., 617 So.2d 219, 221 (La. App. 5 Cir. 4/14/93). As a court of review, we grant great deference to the juvenile court's factual findings, credibility determinations, and assessment of witness testimony. State ex rel. W.B., 2008-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61, writ denied, 2009-1129 (La.1/22/10), 25 So.3d 139.
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard of review is applicable in juvenile delinquency cases. State in the Interest of T.E., 2000-1810, p. 4 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417.
In addition, La. Const. art. V, § 10(B) mandates that an appellate court review both law and facts when reviewing juvenile adjudications. "While delinquency proceedings may in many ways implicate criminal proceedings, sometimes even mimicking them, they are nonetheless civil in nature." State in the Interest of D.R., 2010-0405, p. 5 (La.App. 4 Cir. 10/13/10), 50 So.3d 927, 930. Therefore, as in the review of civil cases, a factual finding made by a trial court in a juvenile adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong. See State in the Interest of Batiste, 367 So.2d 784 (La.1979); State ex rel. E.D.C., 39,892 (La.App. 2 Cir. 5/11/05), 903 So.2d 571; State ex rel. T.W., 2009-0532 (La.App. 3 Cir. 10/7/09), 21 So.3d 465; and State in the Interest of S.S., 557 So.2d 407 (La.App. 4 Cir.1990). In sum, we apply the "clearly wrong-manifest error" standard of review to determine whether there is sufficient evidence to satisfy the standard of proof beyond a reasonable doubt.

DISCUSSION
In his first assignment of error, A.H. argues that the trial court erred in adjudicating him delinquent because the State failed to prove he committed the offense of possession of marijuana beyond a reasonable doubt.
To prove that A.H. violated La. R.S. 40:966, the State bore the burden of proving that A.H. was in possession of the marijuana and that he knowingly possessed the marijuana. La. R.S. 40:966; State v. Proctor, 2004-1114, p. 6 (La.App. 5 Cir. 3/29/05), 901 So.2d 477, 482. Possession *683 may be proven by actual or constructive possession. State in the Interest of D.R., 2010-0405, p. 16, 50 So.3d at 936. Additionally:
When the prosecution is unable to prove actual possession of contraband drugs, proof of constructive possession is sufficient to support the conviction. State v. Perron, 01-0214, p. 6 (La.App. 4 Cir. 1/16/02), 806 So.2d 924, 928. To prove constructive possession, the prosecution must establish that the accused had "dominion and control over the contraband." State v. Harris, 647 So.2d 337, 338-339 (La.1994). Factors to be considered in determining whether a defendant exercised dominion and control over drugs are: the defendant's knowledge that illegal drugs were present in the area, the defendant's relation with the person in actual possession, the defendant's access to the area where the drugs were found, evidence of recent drug use, the defendant's proximity to the drugs, and evidence that the area was being frequented by drug users. State v. Walker, 99-1957, p. 3 (La.App. 4 Cir. 5/17/00), 764 So.2d 1130, 1133. However, mere presence in an area where drugs are located does not constitute constructive possession. State v. Toups, 01-1875, p. 4 (La.10/15/02), 833 So.2d 910, 913. Each case turns on its particular facts. Harris, 647 So.2d at 339.
State in the Interest of D.R., 2010-0405, pp. 16-17, 50 So.3d at 936-937.
A.H. argues that the State did not prove that he had knowledge of the marijuana. In support of his argument, A.H. cites State v. Kestle, 2007-1573 (La.12/02/08), 996 So.2d 275. Therein, the court stated that when circumstantial evidence is relied upon for a conviction, "such evidence must exclude every reasonable hypothesis of innocence." Id., at p. 5, 996 So.2d at 278. While this is a correct recitation of the law, appellate courts are to give great deference to the juvenile court's factual findings, credibility determinations, and assessment of witness testimony.
In State v. Turner, 2005-60, p. 3 (La. App. 5 Cir.2005), 904 So.2d 825, 827, the defendant was charged with possession of marijuana after a vehicle in which he was a passenger was searched following a traffic stop. At trial, the driver testified that the marijuana belonged to her. The jury apparently rejected the testimony of the driver. The court affirmed his conviction, finding that the defendant exercised dominion and control over the marijuana located under the driver's seat to constitute constructive possession. The court found the State proved the defendant was knowingly in possession of marijuana. Id., at pp. 6-7, 904 So.2d at 829.
The juvenile court possessed the right to give more weight to the testimony of the officers over the testimony of A.P. Based upon the testimony of the officers regarding the odor of marijuana, the juvenile court determined that A.H. had knowledge of the marijuana. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt based upon a finding of constructive possession. As the driver of the PT Cruiser, A.H. had access to the center console where the drugs were found and A.H. was in close proximity to the Pringles can. The State sufficiently proved beyond a reasonable doubt that A.H. was knowingly in possession of marijuana. Thus, we cannot say that the juvenile court clearly erred in adjudicating A.H. delinquent. We find no merit to this assignment of error.
In his second assignment of error, A.H. argues the juvenile court erred in denying his motion to suppress. The Fourth Amendment to the United States *684 Constitution and Article I, Section 5 of the Louisiana Constitution protect persons against unreasonable searches and seizures. A defendant adversely affected may move to suppress any evidence from use at a trial on the merits on the ground that it was unconstitutionally obtained. La.C.Cr.P. art. 703. A trial court's ruling on a motion to suppress the evidence is entitled to great weight because the trial court has the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Robinson, 2009-1269, p. 5 (La.App. 4 Cir. 5/12/10), 38 So.3d 1138, 1141.
A.H. argues the search was unreasonable and the evidence unconstitutionally obtained, citing Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) in support of his argument. In Gant, the defendant parked his vehicle in a driveway and exited the vehicle. Police were on the scene, investigating an allegation of narcotics sales from the house. An officer called to Gant to move towards the officer, and Gant complied. The officer moved towards Gant and they met in the middle, approximately ten to twelve feet from the defendant's vehicle. The officer arrested Gant and placed him in handcuffs. After Gant was placed in the back of a patrol car, the police conducted a search of his vehicle and located a gun and a bag of cocaine in the pocket of a jacket on the backseat. Id., 556 U.S. at ___, 129 S.Ct. at 1715. The lower courts determined that the search was unreasonable. The Supreme Court affirmed, finding that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of the arrest." Id., 556 U.S. at ___, 129 S.Ct. at 1723.
A.H. maintains that, as he and A.P. were placed in handcuffs, they were no longer in reaching distance of the vehicle. Further, A.H. argues that, as he was arrested for a traffic violation, there was no reason for the officers to believe that the vehicle would contain any evidence of a traffic violation, the offense of the arrest. The State counters that after lawfully stopping the vehicle, the officers obtained probable cause to search the vehicle based on the odor of fresh marijuana that they smelled as they approached the vehicle. The State argues that a narcotics investigation commenced once the officers smelled the marijuana. Hence, the search was reasonable.
The Louisiana Supreme Court decided an analogous case after Gant that is persuasive. In State v. Jackson, 2009-1983, p. 3 (La.7/6/10), 42 So.3d 368, 370 the defendant filed a motion to suppress, citing Gant. The defendant argued that because the occupants of the vehicle were removed some distance away from the vehicle, "the officer's warrantless entry of the vehicle exceeded the scope of a search incidental to a lawful arrest of the driver for a traffic violation and was otherwise unsupported [by] any reasonable belief the vehicle contained evidence of a crime." Id. The Court reinstated the trial court's ruling denying the motion to suppress. The Court found the officers lawfully stopped the vehicle after observing several traffic violations and the officer obtained "probable cause to search any closed containers he found inside . . . when the officer smelled the distinct odor of marijuana emanating from the interior of the car." Id., at p. 10, 42 So.3d at 374.
Likewise, we find Officers Carwile and Bissel lawfully stopped the PT Cruiser after observing the vehicle speeding and disregarding a stop sign. The officers obtained probable cause to search the Pringles can once they smelled the distinct *685 odor of marijuana emanating from the interior of the car. Once the officers smelled the distinct odor of marijuana, a narcotics investigation began. Thus, the juvenile court correctly denied the motion to suppress. We find this assignment of error to be without merit.
Lastly, we note that decisions from other circuits are not binding on this Court. However, we have reviewed juvenile delinquency decisions from other circuits and agree that conducting an error patent review in juvenile delinquency proceedings is warranted. While the Louisiana Children's Code is silent on whether a juvenile delinquency proceeding is entitled to an error patent review, other circuits have found that such a review is mandated by La. Ch.C. art. 104 and La.C.Cr.P. art. 920. State in the Interest of D.J., 2008-345, p. 13 (La.App. 3 Cir. 8/28/08), 995 So.2d 1, 10. See also State ex rel. J.C.O., 38,661, p. 9 (La.App. 2 Cir. 6/2/04), 877 So.2d 1020, 1025; State in the Interest of D.S., 95-1019, pp. 6-7 (La.App. 5 Cir. 4/16/96), 673 So.2d 1123, 1126; and State in the Interest of Handy, 559 So.2d 795 (La.App. 1 Cir.1990). We agree.
Our review of the record reveals one error patent which must be addressed. La. Ch.C. art. 844 provides that the petition utilized to commence a juvenile delinquency proceeding must be verified. The petition utilized to commence the proceeding against A.H. is unverified. However, courts have held that the prosecution of the juvenile ratifies the unverified petition. State in the Interest of D.J., 2008-345, p. 15, 995 So.2d at 11. See also State v. Allen, 2005-1622 (La.App. 1 Cir. 3/29/06), 934 So.2d 146, 158. Additionally, the Supreme Court has noted that the proper remedy for a lack of a signature on a petition is a motion to quash. If the motion is not filed, the error is waived. State v. White, 404 So.2d 1202, 1205 (La.1981).
Thus, while our review determined that the State failed to obtain a verification of the petition, we find that the prosecution of A.H. ratified the unverified petition. Further, A.H. failed to file a motion to quash the petition. Therefore, we deem the error to be harmless.
Accordingly, we affirm the adjudication of delinquency for the offense of possession of marijuana.
AFFIRMED.