STEPHEN J. WINDHORST, Judge.
^Defendant pled guilty to one count of simple burglary in violation of La. R.S. 14:62 and was sentenced as a second felony offender to six years at hard labor, without benefit of probation or suspension of sentence, concurrent with any other sentence he was serving. This appeal followed. We affirm defendant’s conviction and sentence.
Because this conviction is the result of a guilty plea, the underlying facts were not developed at trial. The bill of information charging defendant states that on July 12, 2012, defendant violated La. R.S. 14:64 in *1119 that he committed simple burglary of 24 Joyce Avenue in Jefferson, Louisiana.
Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[1] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
| «¿DISCUSSION
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Court explained that an An-ders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court ^determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel notes that no rulings have been reserved for appellate review, as defendant’s plea was not made pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Counsel also indicates that de *1120 fendant was informed of the sentences that he would receive. Counsel states that defendant was advised of his Boykin[3] rights and waived those rights.
Along with her brief, appellate counsel has filed a motion to withdraw as attorney of record which states she has mailed defendant a copy of her brief. Additionally, this Court sent defendant a letter by certified mail on August 6, 2013, informing him that an Anders brief had been filed. In addition, defendant has filed a pro se supplemental brief.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill properly charged defendant. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged and cites the statute that defendant violated. It also sufficiently identifies defendant and the crime charged. Also, as reflected by the minute entries and commitment, defendant appeared at his |Barraignment, guilty plea proceedings, and sentencing. Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally defective if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. Dixon, 449 So.2d 463, 464 (La.1984).
The record shows that defendant was aware he was pleading guilty to one count of simple burglary. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. During the colloquy with the trial court, defendant indicated that he understood that he was waiving these rights by pleading guilty. Defendant further indicated that he had not been forced, coerced, or threatened to enter his guilty plea.
Additionally, on the waiver of rights form and during the colloquy with the court defendant indicated that he understood the sentencing range for his crime, as well as the actual sentence he would receive, which was zero to twelve years, and that he would receive a sentence of six years. The defendant also indicated that he understood that he was to be billed as a second felony offender.
IfiAs to the habitual offender proceedings, defendant executed a waiver of rights form, in which he admitted that he was a second felony offender with a prior felony conviction as outlined in the habitual offender bill. The form reflects that a copy of the habitual offender bill was given to him and reviewed by him, as well as by his attorney. By means of this form, defendant indicated that he understood that he was giving up his right to have a hearing. The form explains what the District Attorney was required to prove at such a hear *1121 ing. He also indicated that he understood that he had the right to remain silent throughout the hearing and that his silence would not be held against him. Defendant also placed his initials next to the rights which he was waiving. The form reflects that defendant faced a sentencing range of six to twenty-four years, and that he would receive 6 years with the “DOC.” Defendant indicated that he was satisfied with the way his attorney and the court explained the rights he was waiving and the consequences of his guilty plea. He indicated that he was not forced, coerced, or threatened to stipulate. He further indicated that he understood the possible legal consequences of pleading guilty and wished to plead guilty at the time. The form was signed by defendant, his attorney, and the judge, who indicated he was accepting the plea as knowingly, intelligently, freely, and voluntarily made by defendant.
During the habitual offender colloquy, defense counsel indicated that he had reviewed the habitual offender bill with defendant and was waiving a hearing on the habitual offender bill. Defendant stated that he wished to “plead guilty” to being a second felony offender. Defendant agreed that he had been given a copy of the habitual offender bill and that counsel had reviewed it with him. The court advised defendant he had a right to a hearing and explained what the State would be required to prove at the hearing, including that any former guilty plea had to contain an advisal regarding the right to remain silent. The court further explained 17that defendant had the right to remain silent through the habitual offender hearing and not have his silence held against him.
Just prior to when the trial judge accepted defendant’s stipulation, the court addressed defendant as follows: “Do you understand the possible consequences of pleading guilty to the Double Bill?” Defendant responded affirmatively.
Defendant indicated during the colloquy that he was satisfied with the manner in which the court and his attorney had handled his case and that he had not been forced, coerced, or threatened into making the stipulation. The court then accepted defendant’s stipulation to the habitual offender bill as knowingly, intelligently, freely, and voluntarily made by defendant. Defendant was also advised during the colloquy as to the sentencing range he faced as a second felony offender. He was also advised as to the sentence that would be imposed if his stipulation was accepted. He was told he would be sentenced to six years with the Department of Corrections, with credit for time served, to run concurrently with any other sentence he was serving, without benefit of probation or suspension of sentence.
After stipulating to the habitual offender bill, the trial judge vacated the original sentence on count one and imposed a sentence in conformity with the “plea agreement.” La.C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46.
Defendant’s sentence was within the sentencing range as well. The term of imprisonment for a second felony offender “shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” See La. R.S. 15:529.1. A conviction under La. R.S. 14:62 carries a term of imprisonment at hard labor of not more than twelve years. Thus, 18as a second felony offender, defendant was subject to a sentencing range of six to twenty-four years of imprisonment. Because defendant’s enhanced sentence of six years is within the sentencing range *1122 and was imposed pursuant to the stipulation, the sentence does not present a non-frivolous issue to be raised on appeal.
Further, by stipulating to the habitual offender bill, defendant waived his right to a hearing and any possible non-jurisdictional defects were waived. As previously noted, defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the habitual offender hearing when he waived the hearing. State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300.
Considering the above stated reasons, we find defendant’s guilty plea, his guilty plea to the habitual offender bill and his enhanced sentence do not present any issues for appeal. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.
Defendant has filed a pro se supplemental brief raising three assignments of error.
In his pro se assignment number one, defendant asserts that there was no physical evidence or corroborating evidence to support the charge of burglary. He further claims in pro se assignment number two that the “testimony” of the owner of the property was inconsistent and contradictory as it pertained to the victim’s identification of him. As previously noted, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. Wingerter, supra. A plea of guilty by its nature admits factual |9guilt and relieves the State of the necessity to prove it by a contested trial. State v. Smith, 07-815 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 824 n. 3, writ denied, 08-927 (La.11/14/08), 996 So.2d 1088. Therefore, a defendant cannot challenge the sufficiency of the evidence after he pleads guilty. Id. See also State v. Robinson, 09-1269 (La.App. 4 Cir. 5/12/10), 38 So.3d 1138, 1141. Thus, we do not review defendant’s claims that the evidence was insufficient to support his conviction. These assignments have no merit.
In his third pro se assignment of error, defendant argues that he was not allowed sufficient time to hire private counsel after he refused a plea agreement. He further alleges ineffective assistance of counsel.
A review of the record contains no evidence that defendant sought new counsel at any time during the proceedings. However, the record does indicate that defendant acknowledged his satisfaction with his legal representation on the date of his guilty plea and habitual offender stipulation. Accordingly, defendant has not shown that he is entitled to relief.
Furthermore, to the extent that defendant raises the contention of ineffective assistance of counsel, he does not brief the issue, and therefore, we consider this specification abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4; State v. Fernandez, 03-987 (La.App. 5 Cir. 12/30/03), 864 So.2d 764.
We have reviewed the record for errors patent according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none which require corrective action.
For the above discussed reasons, the defendant’s conviction and sentence are affirmed.
*1123 AFFIRMED; MOTION TO WITHDRAW GRANTED.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).